### In re: MERIDIAN FUNDS GROUP SECURITIES & EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION.

### MDL No. 2082.

United States Judicial Panel on Multidistrict Litigation.

Aug. 11, 2009.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR., Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendants[1] in four actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of New York. This litigation currently consists of four actions listed on Schedule A and pending, respectively, in the following four districts: the Northern District of California, the Southern District of New York, the Eastern District of Pennsylvania, and the Southern District of Texas.

No party opposes centralization. Plaintiff in the Southern District of New York action responded in support of defendants' motion. Plaintiffs in the Northern District of California and Southern District of Texas actions initially opposed centralization, but these plaintiffs have since consented to centralization in the Southern District of New York.

■ After considering all argument of counsel, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to whether defendants made misrepresentations and omissions and breached their fiduciary duties to plaintiffs with respect to investments that the Meridian funds made with Tremont Partners and, ultimately, Bernard L. Madoff Investment Securities LLC. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

■ We are persuaded that the Southern District of New York is an appropriate

---

1. Meridian Capital Partners, Inc.; Meridian Diversified ERISA Fund, Ltd.; Meridian Diversified Fund Management, LLC; and Meridian Diversified Fund, Ltd. (collectively Meridian); as well as eight individuals.

transferee district for this litigation. No party opposes centralization in this district, and many parties, witnesses and documents are likely located in or near New York City. By assigning this litigation to Judge Thomas P. Griesa, we are selecting a seasoned jurist familiar with some aspects of the factual background of this litigation by virtue of presiding over MDL No. 2052, *In re: Tremont Group Holdings, Inc., Securities Litigation.*

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Thomas P. Griesa for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

### SCHEDULE A

**MDL No. 2082 — IN RE: MERIDIAN FUNDS GROUP SECURITIES & EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION**

*Northern District of California*

*B.A.C. Local No. 3 Pension Trust Fund, et al. v. Meridian Capital Partners, Inc., et al.,* C.A. No. 3:09–1277

*Southern District of New York*

*Pension Trust Fund for Operating Engineers v. Meridian Diversified Fund Management, LLC, et al.,* C.A. No. 1:09–3955

*Eastern District of Pennsylvania*

*The R.W. Grand Lodge of Free & Accepted Masons of Pennsylvania v. Meridian Capital Partners, Inc., et al.,* C.A. No. 2:09–2430

*Southern District of Texas*

*Maritime Association—I.L.A. Pension Fund v. Meridian Capital Partners, Inc., et al.,* C.A. No. 4:09–1290